## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ANTHONY KINCHEN (#561357)**            **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**            **NO. 15-0380-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 21, 2018.

                                                  **ERIN WILDER-DOOMES**
                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY KINCHEN (#561357)                        CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                NO. 15-0380-BAJ-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the application of Petitioner Anthony Kinchen for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Petitioner's application should be denied. There is no need for oral argument or for an evidentiary hearing.

### I. Procedural History

On July 2, 2010, Petitioner was charged by Bill of Information in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, with two counts of armed robbery, including a charged enhancement because the offender allegedly utilized a firearm while committing the offenses. *See* La. R.S. 14:64 and 14:64.3. After a trial by jury conducted in April 2011, the jury found Petitioner guilty of the charged offenses. The trial judge subsequently sentenced Petitioner on July 22, 2011, to fifteen (15) years in confinement on each count, with additional five (5) year penalties added for each offense because of the use of a firearm, with these sentences to run consecutively and without the benefit of probation, parole or suspension of sentence.

Petitioner pursued a direct appeal, arguing that the sentences imposed in connection with the referenced convictions were excessive and that his attorney's failure to file a motion to

reconsider the sentences constituted ineffective assistance of counsel. On June 8, 2012 the Louisiana Court of Appeal for the First Circuit affirmed Petitioner's convictions and sentences. *State v. Kinchen*, 2011 KA 2023, 2012 WL 2061502 (La. App. 1 Cir. June 8, 2012). Petitioner sought further review before the Louisiana Supreme Court and, on September 21, 2012, that Court denied review, without comment. *See State v. Kinchen*, 98 So.3d 329 (La. 2012). Upon the failure of Petitioner to thereafter file an application for a writ of certiorari in the United States Supreme Court, his conviction and sentence became final on December 20, 2012 after expiration of the ninety-day period allowed for him to do so. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (recognizing that a conviction becomes final for federal purposes after the 90-day period allowed for a petitioner to proceed in the United States Supreme Court if he has not pursued such relief).

On or about July 15, 2013,[1] Petitioner filed a *pro se* application for post-conviction relief ("PCR") in the state trial court. Petitioner asserted therein (1) that he was provided with ineffective assistance of trial counsel in several respects, (2) that he was provided with ineffective

---

1   Petitioner's application for post-conviction relief was signed and dated by Petitioner on July 15, 2013 and was stamped "Received" in the state district court on August 19, 2013. The United States Court of Appeals for the Fifth Circuit has instructed that federal habeas courts within the State of Louisiana must apply Louisiana's "mailbox rule" when determining the filing date of a petitioner's state court filings. Accordingly, pleadings submitted by a *pro se* habeas petitioner are considered to be "filed" in state court as of the moment that the prisoner places them in the prison mail system for submission to the court, not on the date that the pleadings are ultimately received or docketed by the receiving court. *See Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006); *Lane v. Rogers*, Civil Action No. 12-340, 2012 WL 3160034, *1 n. 3 (E.D. La. June 21, 2012). Thus, although Petitioner's application was marked "Received" in the district court on August 19, 2013, the Court will utilize the earlier date on which Petitioner apparently signed the application, July 15, 2013, as the earliest date upon which he potentially gave it to prison officials for mailing. In addition, unless otherwise noted, the Court in hereafter referencing the dates of filing of Petitioner's pleadings in the state courts and in this Court will utilize the dates that Petitioner apparently signed his respective pleadings as the dates of filing thereof in the respective courts.

assistance of counsel on appeal because his appellate attorney failed to raise as an issue on appeal the trial court's "blatant abuse of discretion" in commenting upon Petitioner's right to testify, and (3) that his Sixth Amendment right to testify was violated by the trial court. In response to Petitioner's application, the State filed procedural objections and an Answer addressing Petitioner's claims. On October 18, 2013, the State Court Commissioner issued a Report recommending that Petitioner's claims be denied. On December 10, 2013, the trial court adopted the Commissioner's Recommendation and dismissed Petitioner's PCR application.

On or about January 21, 2014, Petitioner filed an application for supervisory review in the Louisiana First Circuit Court of Appeal, which court denied review on April 21, 2014.

On or about May 23, 2014, Petitioner sought further review before the Louisiana Supreme Court, which Court similarly denied review on March 13, 2015. *See State ex rel. Kinchen v. State*, 161 So.3d 631 (La. 2014).

Finally, Petitioner submitted his federal habeas corpus application for filing herein on or about June 9, 2015. Petitioner asserts the following grounds for relief:

Ground One: He was denied the effective assistance of counsel at trial;

Ground Two: He was denied effective assistance of counsel on appeal; and

Ground Three: He was denied his constitutional right to testify at trial.

Based on the foregoing procedural recitation, the Court finds that Petitioner's application before this Court is untimely and should be dismissed for this reason.

## II. Factual Summary

The facts, as summarized in the opinion of the Louisiana Court of Appeal for the First Circuit, are as follows:

> On the evening of March 3, 2010, Trinese Cotton drove to the Capital One Bank ATM machine on Tom Drive in Baton Rouge. She had her two small children with her. With her children remaining in the vehicle, she withdrew $300 from the ATM. When she turned around, the defendant was standing in front of her. He pointed a handgun at her and demanded the money. When she did not immediately give him the money, the defendant waved the gun at her vehicle and told her to give him the money or he was going to kill her babies. The defendant then grabbed the money from Trinese's hand and hit her on the head with his gun. The defendant got into the back of a car, and the driver of the car drove away.
>
> A month later on the morning of April 2, 2010, Elsy Delcid was at home with her one-year-old son in her townhouse on Boulevard de Province in Baton Rouge. Elsy's husband was not home, having left for work. Elsy and her son were upstairs in Elsy's bedroom. The defendant broke in through the downstairs back door. He then went upstairs and kicked open the door to Elsy's bedroom. The defendant had a handgun and asked Elsy where the money was. When she responded that she did not have any money, the defendant grabbed her, pushed her into the wall, and with his gun pointed at her head, again demanded money. When Elsy again denied having money, the defendant pointed his gun at her son's head. At that point, Elsy told the defendant she had money in her closet. The defendant went into the closet and took $500. He said the money was not enough. Elsy said she had a camera, so they went downstairs, and the defendant also took her Sony camera. The defendant told Elsy to go back to her bedroom. Elsy complied, and a few minutes later, the defendant left the townhouse.
>
> Both victims identified the defendant in a photographic lineup as the person who robbed them at gunpoint. They also testified at trial and identified the defendant in court. The defendant lived on Boulevard de Province, which is about three miles from Tom Drive. The defendant did not testify at trial.

*See State v. Kinchen, supra*, 2012 WL 2061502 at *1-2.

Based upon the foregoing, the jury returned a verdict finding Petitioner guilty of the charged offenses.

### III. The Procedural Defense Of Untimeliness Raised By The State

As stated above, the State contends that Petitioner's application before this Court is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a subsequent properly-filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are not any properly-filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. *Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir. 1998). *See also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and procedural rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a state application is seen to be "pending" both while it is before a state court for review and also during the interval of time after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, Petitioner's conviction became final on December 20, 2012, ninety days after entry of the judgment of conviction and upon his failure to file a writ of certiorari in the United States Supreme Court. Petitioner did not thereafter interrupt the running of the limitations

period until his filing, on or about July 15, 2013, of an application for post-conviction relief in the state trial court. As a result, a period of two hundred six (206) days of un-tolled time elapsed from the one-year time clock during that interval.

Upon the filing of Petitioner's post-conviction relief application on July 15, 2013, the limitations period became tolled, and it remained tolled until December 10, 2013, on which date the state trial court entered a Ruling denying Petitioner's post-conviction relief application. The time also remained tolled for an additional thirty (30) days thereafter, or until January 9, 2014, because Rule 4–3 of the Louisiana Uniform Rules, Courts of Appeal, allowed Petitioner a period of thirty (30) days from the date of the ruling at issue within which to file a timely application for supervisory review in the Louisiana appellate court.[5] Notwithstanding, on January 10, 2014, after passage of the allowable time to seek supervisory review in the intermediate appellate court, the one-year clock commenced again because, "[a]t the point when the [30–day] state limitations period expired, a petitioner is not entitled to further appellate review, and therefore, he has no application 'pending' in state court." *Melancon v. Kaylo, supra,* 259 F.3d at 407.

In support of the instant assertion of untimeliness, the State first contends that because Petitioner failed to meet the 30-day deadline imposed by state procedural rules for proceeding in the intermediate appellate court after the denial of his PCR application, this failure caused *all* of the remaining time during which Petitioner's appellate court proceedings were ongoing to be ineffective to toll the running of the limitations period. The State's contention in this regard should be rejected. Contrary to the State's assertion, although Petitioner's application for supervisory review in the intermediate appellate court was untimely, his subsequent late filing of the application again interrupted the limitations period, and the limitations period remained tolled during the time that the writ application was pending before the intermediate appellate court. This

is because Rule 4–3 of the Uniform Rules of the Louisiana Courts of Appeals has been interpreted by the federal courts as requiring that an intermediate appellate court give "some level of judicial review" to an untimely writ application. *See Melancon v. Kaylo, supra,* 259 F.3d at 405, *citing Villegas v. Johnson,* 184 F.3d 467, 470 n. 2 (5th Cir. 1999). Thus, although untimely, Petitioner's late-filed writ application in the intermediate appellate court was then again "pending" for consideration before that court and so again tolled the running of the one-year limitations period, and it remained tolled during the time that the writ was pending before the Louisiana First Circuit Court of Appeal. *Melancon v. Kaylo, supra,* 259 F.3d at 407. *See also Edwards v. Cain*, Civil Action No. 13-0757-JJB-RLB, 2014 WL 3488513, *4 (M.D. La. July 10, 2014). Accordingly, although Petitioner did not submit his application for supervisory writs for filing with the First Circuit until January 21, 2014, this resulted only in an additional eleven (11) days of un-tolled time elapsing because although his application ceased to be "pending" within the meaning of § 2244 after January 9, 2014, the last day upon which he could have timely sought review before the First Circuit, it again became pending on January 21, 2014 upon its late filing.

Finally, the limitations period remained tolled during the pendency of Petitioner's writ application in the intermediate appellate court, *i.e.,* until April 21, 2014, when the appellate court denied Petitioner's pending writ application. The limitations period also remained tolled for an additional thirty days thereafter, as provided by state procedural rules, during which time Petitioner was authorized to file a supervisory writ before the Louisiana Supreme Court. *See* Louisiana Supreme Court Rule X, § 5(a). Petitioner, however, again did not meet the thirty-day deadline. Instead, he missed the deadline by filing that application two days late on May 23, 2014. As discussed hereafter, that failure proves fatal to a consideration of Petitioner's claims before this Court.

In contrast to an untimely writ application filed before the intermediate appellate court, which has been held, pursuant to *Melancon v. Kaylo, supra*, to be "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application filed before the Louisiana Supreme Court is not subject to such review. *See* Louisiana Supreme Court Rule X, § 5(a). This Rule provides that a writ application before that Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted." As a result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" before that Court. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, Civil Action No. 07-0216, 2009 WL 1870874, *5 (E.D. La. June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines"). Accordingly, the filing of Petitioner's untimely writ application in the Louisiana Supreme Court never interrupted the running of the limitations period. *See Williams v. Cain, supra*. Thus, this Court is required to count against the time clock the entire period commencing May 22, 2014, the day after the last day allowed to Petitioner to seek timely review before the Louisiana Supreme Court, through June 9, 2015, the date of filing of his federal habeas corpus petition in this Court. This results in a finding that no fewer than an additional three hundred eighty-three (383) days of un-tolled time elapsed, or more than a year, during

which Petitioner did not have pending before the state courts any properly filed application for post-conviction or other collateral relief. Accordingly, Petitioner's application in this Court is untimely.

Having found Petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Petitioner has made no such showing in this case. Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances," *see United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000), and the burden is on Petitioner to establish that equitable tolling is warranted. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. *Pace v. DeGuglielmo, supra*, 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library, are

not generally sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and also after the denial thereof by the state appellate courts. *See Ramos v. Director*, 2010 WL 774986, *4 (E.D. Tex. March 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649-50.

In the instant case, Petitioner has failed to show such exceptional circumstances as would entitle him to equitable tolling in this case. Accordingly, his untimely application for habeas corpus relief should be dismissed.

## Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate

the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that Petitioner's application for habeas corpus be denied, and that this proceeding be dismissed, with prejudice, as untimely. It is further recommended that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on June 21, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**